RECEIVED

August 19, 2020
At: 8:30_____.m
WILLIAM T. WALSH
       CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THE BANK OF NOVA SCOTIA,<br><br>Defendant. | CASE NO. 20-707 (MAS) |

**INFORMATION**

The UNITED STATES OF AMERICA charges that:

COUNT ONE
(Wire Fraud)

1. From approximately January 2008 until July 2016 ("Relevant Period"), in the District of New Jersey, and elsewhere, the defendant,

THE BANK OF NOVA SCOTIA,

did knowingly and with the intent to defraud, having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted certain writings, signs, signals, pictures, and sounds by means of wire communication in interstate and foreign commerce for the purpose of executing the scheme and artifice to defraud.

2. During the Relevant Period, four traders employed by THE BANK OF NOVA SCOTIA engaged in fraudulent and manipulative trading practices in connection with the purchase and sale of gold, silver, platinum, and palladium (collectively, "precious metals") futures contracts on and subject to the rules of a registered entity, namely the New York Mercantile Exchange, Inc. ("NYMEX") and Commodity Exchange, Inc. ("COMEX"), which were exchanges operated by the CME Group, Inc. ("CME Group"). The four precious metals traders were (a) Corey Flaum,

who was based in New York; (b) Trader 2, who was also based in New York; (c) Trader 3, who was based in London; and (d) Trader 4, who was based in New York until 2012, and thereafter was based in Hong Kong (collectively, "Subject Traders").

3. On thousands of occasions, the Subject Traders knowingly and intentionally attempted to manipulate the prices of precious metals futures contracts, and attempted to profit by deceiving other market participants through false and fraudulent pretenses and representations concerning the existence of genuine supply and demand for precious metals futures contracts.

4. More specifically, the Subject Traders placed thousands of orders to buy and sell precious metals futures contracts with the intent to cancel those orders before execution ("Manipulative Orders"). These Manipulative Orders were intended to artificially move the prices of precious metals futures contracts and correlated securities in a direction that was favorable to the Subject Traders and THE BANK OF NOVA SCOTIA, and to inject false and misleading information into the precious metals futures markets in order to deceive other market participants into believing something untrue, namely that the visible order book accurately reflected market-based forces of supply and demand. This false and misleading information was intended to, and at times did, trick other market participants into reacting to the apparent change and imbalance in supply and demand by buying and selling precious metals futures contracts at quantities, prices, and times that they otherwise likely would not have traded.

5. For purposes of executing the scheme to defraud, on or about December 31, 2015, at approximately 11:39:10.679 a.m. (Central Standard Time), Flaum placed an order to sell five gold futures contracts at the price of $1,060.40. Approximately 82.987 seconds later, during which time Flaum was unable to execute his sell order, Flaum placed a Manipulative Order to buy 245 gold futures contracts at the price of $1,059.90 with the intent to create the illusion of demand,

deceive other market participants, and artificially move the market price higher. One millisecond after Flaum placed the Manipulative Order to buy, the market price did in fact move higher, and Flaum's order to sell five gold futures contracts was executed in its entirety. Approximately 1.123 seconds later, Flaum canceled his Manipulative Order in its entirety.

6. The Manipulative Orders placed by the Subject Traders were transmitted electronically via international and interstate wire communications to computer servers operated by the CME Group in and around Chicago and Aurora, Illinois.

7. In placing Manipulative Orders, the Subject Traders were acting, at least in part, to benefit THE BANK OF NOVA SCOTIA and within the scope of their employment as employees of THE BANK OF NOVA SCOTIA.

8. In total, during the Relevant Period, the Subject Traders' fraudulent and manipulative trading activity directly and proximately caused at least $6,622,190 in actual losses to other participants in the markets for precious metals futures contracts, and significant harm to the integrity of core United States commodities markets, as well as harm to participants in correlated markets, including securities such as precious metals-based exchange-traded funds.

All in violation of Title 18, United States Code, Section 1343.

## COUNT TWO
(Attempted Price Manipulation)

9. The allegations in Paragraphs 2 through 8 above are re-alleged and incorporated as if fully stated herein.

10. From approximately January 2008 until July 2016, in the District of New Jersey, and elsewhere, the defendant,

THE BANK OF NOVA SCOTIA,

did knowingly and intentionally attempt to manipulate the price of certain commodities for future delivery, namely gold, silver, platinum, and palladium futures contracts, on or subject to the rules of a registered entity, namely NYMEX and COMEX.

11. The Subject Traders committed certain overt acts in furtherance of the manipulative trading scheme, including the trading activity alleged in Paragraph 5 above.

All in violation of Title 7, United States Code, Section 13(a)(2).

_____
ROBERT A. ZINK
Chief, Fraud Section
Criminal Division
United States Department of Justice

_____
CRAIG CARPENITO
United States Attorney
District of New Jersey

CASE NUMBER: 20-707 (MAS)

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

v.

**THE BANK OF NOVA SCOTIA**

## INFORMATION FOR

18 U.S.C. § 1343
7 U.S.C. § 13(a)(2)

**CRAIG CARPENITO**
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

**ROBERT A. ZINK**
CHIEF, FRAUD SECTION
CRIMINAL DIVISION
UNITED STATES DEPARTMENT OF JUSTICE

AVI PERRY, ASSISTANT CHIEF, FRAUD SECTION
MATTHEW F. SULLIVAN, TRIAL ATTORNEY, FRAUD SECTION
ALEXANDER KRAMER, TRIAL ATTORNEY, FRAUD SECTION
CATHERINE R. MURPHY, ASSISTANT UNITED STATES ATTORNEY
(973) 645-2700